RECEIVED
2018 NOV 26 P 4: 02
DEBRA P. HACKETT, CLK

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**AMY F. HINTON,**

**Plaintiff,**

**vs.**

**ALABAMA STATE UNIVERSITY,**

**Defendant.**

**CASE NUMBER** 2:18-cv-994

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

Comes now Plaintiff, Amy F. Hinton, by and through her attorney of record, and for her Complaint against Defendant, Alabama State University, states the following:

**PRELIMINARY STATEMENT**

1. Plaintiff, a former employee of Defendant, seeks declaratory and injunctive relief, compensatory damages, backpay, frontpay and/or reinstatement, and all legally available relief from Defendant arising from Defendant's violation of the rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"). Specifically Plaintiff alleges that the Defendant discriminated against her based upon her race, and retaliated against in the terms and conditions of her employment in violation of Title VII. The Plaintiff seeks compensatory damages and requests a jury trial pursuant to 42 U.S.C. §1981a.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §20000e, *et seq.*, as amended by the Civil Rights Act of 1991.

3. Subject matter jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331, as the case arises under federal law and pursuant 42 U.S.C. §2000e, et seq., 28 U.S.C. §1343 and 42 U.S.C. §1981a.

4. This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b); the actions complained of occurred in this District, and all parties reside in this District and 28 U.S.C. §1391(b); the actions complained of occurred in this District, and all parties reside in this District..

5. Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6. Plaintiff has fulfilled all conditions precedent to the institution of this action under 28 U.S.C. §§1331 and 1343(4), and the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff timely filed her charge of race discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed her claim of race discrimination and retaliation within 90 days of the receipt of her right-to-sue letter from the Department of Justice, Civil Rights Division.

## PARTIES

7. Plaintiff, Amy F. Hinton (hereinafter "Plaintiff" or "Hinton"), is a Caucasian female citizen of the United States of American and a resident of the State of Alabama and of this Judicial

District and Division. At all times relevant to this action, Plaintiff was employed by the Defendant in its Montgomery, Alabama location.

8. Defendant Alabama State University ("ASU") is an employer within the meaning and coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended. Upon information and belief, Defendant ASU employed over 500 employees at all times relevant to this lawsuit and continues to employ over 500 employees.

9. Defendant ASU is a public university doing business within this District and Division.

10. At all relevant times, Plaintiff was an employee of Defendant ASU within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended.

**FACTS**

11. Plaintiff was employed by Defendant ASU on or about February 1, 2016, as an Assistant Professor of Health Information Management, a tenure track position, by a contract executed by her on January 22, 2016, with a yearly salary of $66,237. Plaintiff was hired as a full time, probationary Professor to replace a Professor who left employment in the department of Health Information Management.

12. Plaintiff actually began working and teaching for Defendant ASU on or about January 11, 2016 and her full time contract was not executed until January 22, 2016. However, Defendant ASU decided to make her official hire date as a full time employee as February 1, 2016, and entered into a temporary contract to pay her for her work performed from January 11, 2016 to January 31, 2016.

13. Prior to being hired as a full time professor in January 2016, Plaintiff had performed

contract work for Defendant ASU in various roles.

14. From 2012-2014, Plaintiff had an institutional research affiliation with the Alabama State University Center for Leadership and Public Policy as a Senior Research and Policy Analyst.

15. In 2014, Plaintiff began a consulting relationships with the College of Health Sciences at Defendant ASU under the direction of the former Dean, Dr. Steven Chesbro, a Caucasian male.

16. In addition, Plaintiff was under contract for the 2014-2015 academic year with Defendant ASU as an Adjunct Instructor in the Department of Health Information Management ("HIM") in the College of Health Sciences.

17. As a consultant to the College of Health Sciences, Plaintiff's role was to design, develop and produce evaluation designs for grant proposals submitted by faculty and staff withing the College and to be the project lead for the re-accreditation of Defendant ASU's Health Information Management program accreditation.

18. In or about April 2016, the former HIM Department Chair, Dr. Cheryl Plettenberg, was notified 2016 that the HIM program was successfully re-accredited.

19. During 2015-2016, Plaintiff was also contracted as an Adjunct Instructor by Defendant ASU and she taught one course, HIM 210 "The Language of Medicine", which was a three credit hour course. For this work, Plaintiff was paid a rate of $2,088 for one class.

20. Plaintiff was notified by Department Chair Plettenberg, Caucasian female, that a full-time, tenure track HIM faculty position would be open for the 2016-2017 academic year, so Plaintiff applied for the position and was hired by Defendant ASU in or about January 2016.

21. At the time of Plaintiff's hiring as an Assistant Professor of Health Information Management in January 2016, one of the requirements of the job position was to be certified as a

Registered Health Information Administrator.

22. In 2015, Plaintiff was certified as a Registered Health Information Administrator ("RHIA") by the American Health Information Management Association so she met this requirement of the job position for Assistant Professor of Health Information Management.

23. At the time of her hiring as an Assistant Professor of Health Information Management in January 2016, Plaintiff held a Master's in Public Administration from Auburn University Montgomery, a B.A. *cum laude* in English Literature and History from Huntington College and she was working on her Doctorate at Auburn University.

24. In January 2016, Plaintiff began working for Defendant ASU as a full-time Assistant Professor of Health Information Management teaching a full class load of four (4), three (3) hours classes, consisting of twelve (12) total credit hours.

25. At the time of Plaintiff's hiring as an Assistant Professor of Health Information Management in January 2016, the Dean of the College of Health Sciences was a Caucasian male and the HIM Department Chair was a Caucasian female.

26. During her employment as an Assistant Professor of Health Information Management, Plaintiff was subjected to a racially discriminatory and hostile environment by her African-American co-workers. Plaintiff was subject to disparaging comments about her race, Caucasian, including profanity and false statements by her African-American co-workers in the College of Health Services. These co-workers made the false and disparaging statements to other ASU employees in an attempt to disparage Plaintiff's professional reputation.

27. During her employment as an Assistant Professor of Health Information Management, Plaintiff was treated differently than her African-American peers and co-workers by Defendant ASU.

Plaintiff was not provided with the tools and resources provided to other African-American faculty, including, but not limited to, being denied the access code for the keypad entry locks on the HIM Department's computer lab doors, being denied ASU business cards, being denied work assistance by the Department Secretary, being denied input in the assignment of classes to teach, having her professional work products altered or undetermined, and being subjected to a continuous stream of verbal abuse and ongoing harassment due to her race, Caucasian.

28. Plaintiff complained about the discrimination against her and the other Caucasian employees in her Department, but Defendant ASU took no actions to correct the same.

29. During her employment as an Assistant Professor of Health Information Management, the Caucasian Dean of the College of Health Sciences and the Caucasian Department Chair were replaced. The new of the College of Health Sciences was an African-American female, Cheryl Easley.

30. On or about August 4, 2016, Dean Cheryl Easley sent a memorandum to Provost/Vice President of Academic Affairs Leon Wilson, African-American male, recommending the non-reappointment of Plaintiff for the Spring Semester 2017, which would end her appointment effective December 12, 2016. The reason given by Dean Easley for the non-reappointment was "(c)urrently the number of faculty in that department exceeds that required by the instructional load available for assignment."

31. On or about September 26, 2016, Plaintiff was provided with a letter from Provost and Vice President for Academic Affairs Wilson informing her of her non-reappointment to her position of Assistant Professor of Health Information Management, and that her contract would end at the completion of the Fall 2016 semester. Plaintiff's appointment ended effective December 12,

2016.

32. The reason given to Plaintiff for her non-reappointment was that the number of faculty in the department exceeded that required by the instructional load available for assignment.

33. ASU hired Sonya E. Braddy, African-American female, to assume Plaintiff's job duties for the Spring Semester 2017.

34. At the time she was hired to replace Plaintiff, Ms. Braddy did not have the RHIA credential that was required of all HIM instructors.

35. Plaintiff holds the RHIA credential.

36. Defendant ASU submitted Plaintiff's separation paperwork with an incorrect last date of employment which resulted in Plaintiff not being paid for her last month of teaching (December 2016). In addition, Plaintiff was not reimbursed for outstanding travel expenses.

37. Plaintiff complained to ASU Provost and Vice President for Academic Affairs Wilson about the race discrimination against her and the failure to pay her for her last month of teaching and travel expenses reimbursement, but Wilson ignored her complaints.

38. Plaintiff had to complain to an ASU Trustee before she was paid for her last month of teaching and her travel expenses reimbursement.

39. After Plaintiff's termination, Defendant ASU hired Sonya Braddy, African-American female, LaTonya Baggett, African-American female, and Tyrone Simpson, African-American male, as adjust instructors in the HIM Department to teach the four (4) classes being taught by Plaintiff in her position as Assistant Professor of Health Information Management. These three (3) African-American instructors are teaching the same total number of classes that Plaintiff had been teaching.

40. Upon information and belief, Baggett and Braddy do not hold the RHIA credential

with is a requirement of the job position to teach the classes in the Health Information Management Department.

41. On information and belief, Plaintiff believes she was non-renewed because of her race, Caucasian.

42. Furthermore, Plaintiff's non-renewal was done in retaliation for Plaintiff's protected activity, i.e., her complaints to the Dean about her African-American co-workers race discrimination against her and their creating a hostile work environment for her and the Caucasian Department Chair. As such, that termination violated the anti-retaliation provisions of Title VII.

43. In their actions toward Plaintiff as described above, Defendant ASU acted willfully, intentionally and with callous and reckless indifference to Plaintiff's federally protected rights under Title VII.

44. Defendant's termination of Plaintiff and retaliation against Plaintiff caused her to suffer loss of income, loss of job benefits, economic losses, damaged her professional reputation and career, and severe humiliation, mental distress and emotional suffering.

**COUNT ONE**
**Claim for Discrimination in Violation of Title VII**
**(Termination/Non-Renewal)**

45. Plaintiff re-alleges, adopts and incorporates the forgoing paragraphs 1 through 44 as though recopied and restated herein in full.

46. As set out in detail above, Defendant intentionally, maliciously and unlawfully discriminated against Plaintiff on the basis of race in violation of Title VII by terminating and/or non-renewing her contract on the basis of race, by subjecting to disparate treatment in the terms and conditions of her employment. Defendant ASU intentionally violated Plaintiff's rights pursuant to

Title VII.

47. All acts of discrimination were done intentionally, wilfully, with malicious and/or reckless disregard for the rights of Plaintiff.

48. In taking the above-described actions, Defendant ASU intentionally, unlawfully discriminated against Plaintiff on the basis of her race in violation of Title VII. The actions of Defendant were taken intentionally, with malice or reckless indifference to the federally protected rights of Plaintiff.

49. As a proximate consequence of Defendant ASU's actions and the violations of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

50. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's conduct as set forth herein unless enjoined by this Court.

51. Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory damages is her only means of securing adequate relief.

52. As set out in detail above, the Defendant knew, or should have known, of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

53. Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom to allow and condone racial discrimination in deliberate

indifference to rights of Plaintiff.

54. Plaintiff has satisfied all administrative prerequisites to bringing this claim:

A. Plaintiff timely filed her charge of said discrimination with the Equal Employment Opportunity Commission against Defendant on February 17, 2017, which was filed within 180 days of the commission of the unlawful employment practices alleged herein. (See attached Exhibit "A").

B. On or about August 31, 2018, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue on her EEOC Charge. Said notice is attached hereto as Exhibits "A". Plaintiff received said Notice after August 31, 2018. (See attached Exhibit "B").

C. This complaint has been filed within 90 days of Plaintiff's receipt of the notification of Right to Sue letter on her EEOC Charges from the U.S. Department of Justice, Civil Rights Division.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and/or retaliatory employment practices;

C. Grant Plaintiff reinstatement to her position from which she was discriminatorily terminated and/or non-renewed;

D. Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, backpay in the amount she would have earned but for the but for the unlawful retaliatory and/or discriminatory practices of Defendant, and reinstatement to the job positions from which she was

discriminatorily terminated or non-renewed, or in the alternative, frontpay;

E. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages;

F. Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

G. Award such other relief as may be appropriate.

**COUNT TWO**
**Claim for Retaliation in Violation of Title VII**
**(Termination/Non-Renewal)**

55. Plaintiff re-alleges, adopts and incorporates the forgoing paragraphs 1 through 44 as though recopied and restated herein in full.

56. From the time of her appointment as Assistant Professor of Health Information Management, Plaintiff had performed that function well.

57. The plaintiff's non-renewal/termination was done in retaliation for Plaintiff's protected activity, i.e., her complaints to the Dean about her African-American co-workers discriminating against her and creating a hostile work environment for her and the Caucasian Department Chair. As such, that termination violated the anti-retaliation provisions of Title VII.

58. Plaintiff complained about the discrimination and retaliation against her and Defendant ASU failed to take corrective actions to prevent the discrimination and retaliation. Defendant ASU's actions ere in violation of Title VII.

59. As set out in detail above and in taking the above-described actions, Defendant ASU

has intentionally retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended, for Plaintiff's engaging in protected activity and/or protected speech under Title VII, exercising her federally protected rights under Title VII to oppose unlawful racial and sexual/gender discrimination under Title VII or what she in good faith and reasonably believed was unlawful racial and sexual/gender discrimination under Title VII, and/or exercising her federally protected rights under Title VII to oppose unlawful employment practices under Title VII or what she in good faith believed to be unlawful employment practices under Title VII. Employees who have not opposed such discrimination have not been treated in a similar manner as Plaintiff. The actions of Defendant ASU were taken intentionally or with malice or reckless indifference to the federally protected rights of Plaintiff.

60. Defendant ASU's actions were in violation of Title VII.

61. As a proximate consequence of Defendant ASU's actions and the violation of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

62. The retaliation against Plaintiff was ongoing and of a continuous nature.

63. Plaintiff has satisfied all administrative prerequisites to bringing this claim:

A. Plaintiff timely filed her charge of said discrimination with the Equal Employment Opportunity Commission against Defendant on February 17, 2017, which was filed within 180 days of the commission of the unlawful employment practices alleged herein. (See attached Exhibit "A").

B. On or about August 31, 2018, the U.S. Department of Justice, Civil Rights Division

issued to Plaintiff a Notice of Right to Sue on her EEOC Charge. Said notice is attached hereto as Exhibits "A". Plaintiff received said Notice after August 31, 2018. (See attached Exhibit "B").

C. This complaint has been filed within 90 days of Plaintiff's receipt of the notification of Right to Sue letter on her EEOC Charges from the U.S. Department of Justice, Civil Rights Division.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and/or retaliatory employment practices;

C. Grant Plaintiff reinstatement to her positions from which she was retaliatory and/or discriminatorily terminated, non-renewed, denied, demoted and/or transferred;

D. Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, backpay in the amount she would have earned but for the unlawful, discriminatory and/or retaliatory practices of Defendant, and reinstatement to the job positions from which she was discriminatorily and/or retaliatorily terminated, denied and/or demoted, or in the alternative, frontpay;

E. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages;

F. Award Plaintiff her costs and expenses, including an award of reasonable attorney's

fees; and,

G. Award such other relief as may be appropriate.

**RESPECTFULLY SUBMITTED** this the 21st day of November, 2018.

**CANDIS A. MCGOWAN**
**LACEY K. DANLEY**
Attorneys for Plaintiff
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
T: (205) 314-0500
F: (205) 254-1500

**CHRISTINE D. CROW**
Jinks, Crow & Dickson, PC
210 Prairie Street North
PO Box 350
Union Springs, AL 36089-0350

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY STRUCK JURY**

**CANDIS A. MCGOWAN**
Attorney for Plaintiff

**DEFENDANT'S ADDRESS**
To Be Served by Certified Mail

Alabama State University
P.O. Box 271
915 S. Jackson Street
Montgomery, Alabama 36101