IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMY HINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-CV-00994-RAH |
| ) | (WO) |
| ALABAMA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is again before the Court, this time on Defendant Alabama State University's ("ASU") Motion to Reconsider ("Motion") (Doc. 58), which challenges the Court's November 25, 2020, order denying ASU's summary judgment motion, (Doc. 52). Plaintiff Amy Hinton ("Hinton") has filed a response (Doc. 63), and ASU a reply (Doc. 66), and therefore the Motion is ripe for resolution.

As the parties acknowledge, a motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. *Gipson v. Mattox*, 511 F.Supp.2d 1182, 1185 (S.D. Ala. 2007); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Motions to reconsider serve a valuable but limited function." *Nelson v. Whirlpool Corp.*, 668 F.Supp.2d 1368, 1379 (S.D. Ala. 2009) (citation and quotation omitted). "They do

1

not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted." *Id*. "They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Id*.

Of the three limited occasions in which a motion to reconsider is appropriate, ASU focuses on only one. That is, ASU claims that, for a number of reasons, the Court manifestly erred in failing to grant ASU's summary judgment motion. Upon review of ASU's Motion, Hinton's Response, and ASU's Reply, and upon review of the record once again, the Court concludes that ASU's Motion is due to be DENIED.

ASU first, and primarily, argues the Court erred in applying the *McDonnell Douglas* analysis when it concluded that Hinton could show, as to the fourth and final prong of her prima facie case, that she was replaced[1] by someone outside her protected class instead of showing a similar comparator who was treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As ASU states, "the court erred by holding that Hinton need only show that she was

---

[1] The analysis used to evaluate a claim involving the discriminatory nonrenewal of a teacher contract is the same as for a discriminatory discharge claim. *See, e.g.*, *LaFleur v. Wallace State Community College*, 955 F.Supp. 1406, 1417 (M.D. Ala. 1996) ("The court finds that the analysis used in evaluating discriminatory discharge claims governs the plaintiff's prima facie proof of race discrimination in the nonrenewal of her nine-month probationary contract.").

replaced by someone of a different race." (Doc. 58, p. 2.)  This is because, according to ASU, the Eleventh Circuit in *Maynard v. Bd. Of Regents of Div. of Universities of Florida Dept. of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003), and *Lewis v. City of Union City*, 918 F.3d 1213, 221 (11th Cir. 2019), held that a plaintiff can only meet the fourth prong of her prima facie case through a "similarly situated" version of the comparator analysis. (Doc. 58, p. 3.) Therefore, according to ASU, since Hinton must present a similar comparator and since she did not do so in opposition to ASU's summary judgment motion, the Court manifestly erred in denying ASU's summary judgment motion on the discrimination claim.

ASU is mistaken and misinterprets *Maynard* and *Lewis*. In both cases, the Eleventh Circuit analyzed the plaintiffs' discrimination claims using a comparator analysis because that was the basis on which each of the plaintiffs claimed that he or she could meet his or her prima facie case.  That the *Maynard* and *Lewis* courts analyzed the plaintiffs' claims under the "similarly situated" comparator analysis did not foreclose consideration of the fourth prong under an inquiry based on the race of a plaintiff's *replacement*. Nor did *Maynard* or *Lewis* overturn Eleventh Circuit precedent recognizing a plaintiff's ability to meet her fourth prong burden through a showing that she was *replaced by* someone outside her class.

Simply put, a plaintiff can meet the fourth prong of her prima facie case through a showing that she was replaced by someone outside her protected class,

3

and ASU is wrong in claiming otherwise. *See, e.g., Barneman v. International Longshoreman Association Local 1423*, No. 20-10914, 2021 WL 50156, at *8 (11th Cir. 2021 ) ("… (4) replaced by a person outside the protected class or suffered from disparate treatment because of membership in the protected class."); *Herren v. La Petite Academy, Inc.*, 820 F.App'x 900, 904 (11th Cir. 2020) (considering the four *McDonnell Douglas* factors and concluding that plaintiff met the fourth factor because she showed that she "was replaced by someone outside her protected class—a younger, African-American employee"); *see also Hogan v. South Georgia Medical Center*, 749 F.App'x 924, 931 (11th Cir. 2018) ("To make out a prima facie case of discriminatory discharge, Hogan must show, among other things, that 'he was replaced by someone outside of his protected class *or* received less favorable treatment than a similarly situated person outside of his protected class.'") (emphasis added) (citing *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015)). Hinton made that showing, at least for summary judgment purposes, and ASU has not offered any manifest error in the factual analysis of that conclusion. Accordingly, ASU's argument is unavailing and due to be rejected.

ASU also argues the Court erred in concluding that Hinton met her burden under a convincing mosaic of circumstantial evidence. Having already rejected ASU's argument under the conventional *McDonnell Douglas* analysis, undertaking review of the alternative convincing mosaic analysis would be an exercise in futility,

4

as Hinton's discrimination claim will proceed forward anyway. But even if the substantive findings were reconsidered, the Court finds no manifest error with them.

ASU also challenges the Court's application of the cat's paw theory under the facts in this case to Hinton's claims of discrimination and retaliation, and in particular, it challenges the evidence concerning the role that Brenda Dawson played in the employment actions and retaliation at issue.  (*See* Doc. 58, pp. 8, 10.)  ASU's argument is merely a rehash of the parties' previous arguments regarding the summary judgment evidence, which again, must be viewed in the light most favorable to Hinton.[2] A party cannot show clear error or manifest injustice by "merely reargu[ing] points previously considered and rejected by the Court." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007).  But again, it should be noted that this evidence is presented at the summary judgment stage from which the Court has concluded that there merely are questions of fact that preclude entry of summary judgment. This does not mean that Hinton's claims will survive a directed verdict, or jury verdict for that matter either, if the same evidence is given additional context or counter.

Finally, ASU challenges the Court's conclusion that there was a question of

---

[2] Similarly, ASU attempts unavailingly to merely rehash the Court's conclusion that Hinton engaged in protected activity each time she complained to a superior about discrimination, (*see* Doc. 58, pp. 9-10), whether it was a complaint to Cheryl Easley, Cheryl Plettenberg, Steven Chesbro, or Leon Wilson. (Doc. 52, p. 21.)

fact on the issue of pretext. ASU argues that it presented a legitimate, nondiscriminatory reason for Hinton's nonrenewal and that this Court should not sit as a super-personnel department that should re-examine ASU's business decision. (Doc. 58, p. 11.) Once again, ASU is attempting to reargue the facts. ASU previously argued that it nonrenewed Hinton because of a lack of course load work for her to teach during the Spring 2017 semester and going forward. However, Hinton presented evidence, such as the testimony from fellow professor Sabine Simmons about the available course load, the deposition testimony from Cheryl Easley about the course schedule, and the immediate hiring of three black adjunct professors to teach coursework in the Health Information Management Department, thereby casting sufficient doubt that the lack of an adequate course load to teach was not what actually motivated ASU to nonrenew Hinton. *See Lewis*, 934 F.3d at 1186 ("[A] plaintiff can show pretext by: (i) casting sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable fact finder to conclude that the employer's proffered reasons were not what actually motivated its conduct, (ii) showing that the employer's articulated reason is false and that the false reason hid discrimination, or (iii) establishing that the employer has failed to clearly articulate and follow its formal policies."). As the Court previously noted, Hinton has presented sufficient evidence of pretext to create a question of fact.  No manifest error lies with that analysis, nor with the Court's decision to deny ASU's summary

6

judgment motion on that basis.

Accordingly, for these reasons and because ASU has failed to show the need to correct clear error, it is hereby ORDERED that Defendant Alabama State University's Motion to Reconsider, (Doc. 58), is due to be and is hereby DENIED.

DONE, this 10th day of March, 2021.

                                    /s/ R. Austin Huffaker, Jr.
                                R. AUSTIN HUFFAKER, JR.
                                UNITED STATES DISTRICT JUDGE